1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STANLEY SIMS,

                 Plaintiff,

     v.

ULIT, et al.,

                 Defendants.

_____/

CASE NO.    1:11-CV-00140-AWI-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

       On January 26, 2011, Plaintiff Stanley Sims, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

       Plaintiff's Complaint is now before the Court for screening.

///////

-1-

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## III.   SUMMARY OF COMPLAINT

Plaintiff, currently at liberty, (ECF No. 8), was incarcerated at the California Substance Abuse Treatment Facility and State Prison at Corcoran, CA. (CSATF-SP), when

the alleged rights violations took place. (Compl., p. 8, ECF No. 1.) He claims that Defendants were deliberately indifferent to his serious medical needs, retaliated against him for his prison grievances, violated his due process rights, and improperly punished him. (Compl. at 11-12.)

Plaintiff names as Defendants, (1) Ulit, the treating M.D. at CSATF-SP, in his/her official and individual capacity, (2) Lopez, a nurse at CSATF-SP, in his/her official and individual capacity, (3) Stanley, a nurse at CSATF-SP, in his/her official and individual capacity, (4) Kellogg, a health care appeals coordinator at CSATF-SP, in his/her official and individual capacity, (5) Madruga, a health care appeals coordinator at CSATF-SP, in his/her official and individual capacity, (6) Obaiza, a health care appeals coordinator at CSATF-SP, in his/her official and individual capacity, (7) Macias, a prison medical health care CEO at CSATF-SP,  in his/her official and individual capacity, (8) Clark, chief medical officer at CSATF-SP, in his/her official and individual capacity, and (9) John/Jane Does, staff at CSATF-SP, in their individual capacities. (Id. at 8-11.)

Plaintiff injured his left shoulder in 2006 and was left with chronic, extreme pain and significant limitations on his daily activities. (Id. at 12). He was initially prescribed morphine. (Id. at 42.) In August of 2008, the dosage of morphine was reduced. (Id.) In late 2009 and early 2010, the dosage of morphine was further reduced and ultimately discontinued, in favor of non-narcotic pain medication. (Id. at 11-12, 70-71.)

Plaintiff alleges that Defendants have unreasonably denied, delayed, and interfered with his access to medically necessary morphine, and retaliated for his related grievances, resulting in chronic serious pain affecting his daily activities, (Id. at 11-12), by the following:

Defendant Ulit reduced, eliminated, and then failed to restore the morphine, (Id. at

13-19);

Defendants Lopez and Stanley wrongly accused Plaintiff of "cheeking", or not swallowing the morphine, (Id. at 13), then Defendants conspired to place Plaintiff in "double jeopardy" by denying him discovery during an alleged undocumented disciplinary proceeding, failing to provide evidentiary support for findings of guilt, and then depriving him of morphine based thereon, (Id. at 13-17);

Defendants Madruga, Kellogg and Obaiza intentionally delayed processing of Plaintiff's appeals, contrary to prison regulations, (Id. at 17);

Defendants Clark and Macias, as medical care supervisors at CSATF-SP, failed to take corrective action on administrative appeal, violating Plaintiff's due process rights, (Id. at 21-235);

Defendants retaliated for prison grievances by reducing and eliminating Plaintiff's morphine. (Id. at 19, 22.)

Plaintiff complains the foregoing adverse actions were contrary to prison regulations,[1] and did not further any underlying state or penological purpose. (Id. at 26.)

He seeks an injunction that his morphine be restored, as well as compensatory damages of $500,000, punitive damages of $800,000, and costs, against each Defendant. (Id. at 4, 18, 26-27.)

///////

---

[1] Plaintiff cites to Cal.Code Regs. tit. 15, Sections 3312, 3320, and 3350-54, relating to disciplinary methods, hearing procedures, provision of medical care, off-site treatment, and health care responsibilities and limitations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**IV.**   **ANALYSIS**

   **A.**   **Pleading Requirements Generally**

   To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

   **B.**   **Personal Participation and Doe Defendants**

   Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each

government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege any facts personally linking the Doe Defendants to the alleged rights violations. There is no evidence that these Defendants personally participated in the events alleged in Plaintiff's Complaint. They cannot be held liable based solely on a supervisory position. Plaintiff cannot proceed against these Defendants unless he truthfully alleges how each *personally* violated, or knowingly directed a violation of his constitutional rights.

Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants. Id.

## C.   Deliberate Indifference

Plaintiff claims that Defendants were deliberately indifferent to his serious medical

needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish

deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations of chronic severe shoulder pain, limiting his daily activities, taken as true for purposes of screening, demonstrate a serious medical need, satisfying the first prong of his deliberate indifference claim. See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of deliberate indifference.

However, Plaintiff has not included allegations supporting a claim that Defendants were deliberately indifferent to Plaintiff's medical needs. The allegations against Defendants, taken as true on screening, amount to no more than a difference of opinion as

-8-

1   to an appropriate course of treatment or, at the worst, medical negligence. There is no

2   evidence that Defendants intentionally acted in a medically unacceptable manner.

3       The evidence shows ongoing orthopedic consults, diagnostic testing, and treatment

4   with narcotic and non-narcotic medications. (Compl. at 12-13.) Concurrent with the

5   reduction in morphine, Plaintiff's non-narcotic pain medication was increased, apparently

6   consistent with California Department of Corrections and Rehabilitation Pain Management

7   Guidelines. (Id. at 51-58, 70-71.) Prisoners are not entitled to demand any particular course

8   of treatment or medication, even where such has been approved by outside medical

9

10  providers.[2] (Id. at 73.)

11      That Plaintiff disagrees with a course of treatment or medication, and/or is

12  disappointed with the results of treatment, is not sufficient to state deliberate indifference.

13

14      Moreover, Plaintiff does not allege that he suffered any physical injury from

15  Defendants' alleged delay in medication and treatment. See McGuckin, 974 F.2d at 1060.

16  (Where delay in treatment is alleged as basis for deliberate indifference, the prisoner must

17  also demonstrate that the delay led to further injury).

18      Plaintiff fails to state a deliberate indifference claim against the Defendants. The

19  Eighth Amendment does not require that prisoners receive "unqualified access to health

20

21  care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

22      The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth

23  sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent

24  response to that need on the part of each Defendant.

25

26  _____

27  [2] See Cal.Code Regs. tit. 15, Section 3354, relating to health care responsibilities and limitations.

-9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### D.   Retaliation

Plaintiff complains that Defendants retaliated against him for exercising his constitutional right to file prison grievances by denying, delaying and interfering with his access to medically necessary morphine.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff complains of retaliatory adverse actions, which, taken as true on screening, show harm that is more than de minimis.[3] Plaintiff has satisfied the first element of his retaliation claim.

The second and third elements of a prisoner retaliation claim focus on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements). Filing a

---

[3] See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (De minimis harm is not sufficient to show "adverse action").

grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); see also Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); see also Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo, 778 F.2d at 532 (9th Cir. 1985).

Plaintiff provides no facts suggesting that the alleged adverse actions were in any way related to exercise of his prison grievance rights. It appears Plaintiff's appeals, beginning in September of 2008, were in response to, rather than a prelude to, reductions in morphine. (Compl. at 42-43, 60.) There is no evidence that the treating physician, Defendant Ulit, was motivated by Plaintiff's appeals when making decisions about medicating Plaintiff.

Plaintiff states he "believes" the reduction in medication was retaliatory, (Id. at 19, 22), but alleges no facts to support this apparent speculation. Plaintiff has not demonstrated that the adverse actions taken by Defendants were related to Plaintiff's protected conduct. Plaintiff has not satisfied the second and third elements.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300)).

-11-

It does not appear that Plaintiff's First Amendment rights were chilled. However, Plaintiff has satisfied the fourth prong because Defendants' alleged adverse actions would chill a person of ordinary firmness from future First Amendment activities.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. See Id. (Prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff does allege that the adverse actions did not further any underlying state or penological purpose. (Compl. at 14.) However, this allegation is contrary to the evidence, which suggests the alleged adverse actions were the result of medical judgment exercised consistent with prison regulations and the Pain Medication Guidelines, so as to further penological interests. Plaintiff has not satisfied the fifth element of a retaliation claim.

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

**E.   Accommodation**

Plaintiff alleges that his shoulder injury significantly affected his daily activities in prison. He requested his condition be accommodated by increased morphine. (Id. at 66.) He seems to allege that Defendants failed to accommodate his medical condition.

Title II of the Americans with Disabilities Act (ADA) and Section 504 of the

-12-

Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability."  Lovell v.

Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified

individual with a disability shall, by reason of such disability, be excluded from participation

in or be denied the benefits of the services, programs, or activities of a public entity, or be

subject to discrimination by such entity."   42 U.S.C. § 12132. Section 504 of the RA

provides that "no otherwise qualified individual with a disability . . . shall, solely by reason

of her or his disability, be excluded from the participation in, be denied the benefits of, or

be subjected to discrimination under any program or activity receiving Federal financial

assistance . . . ."  29 U.S.C. § 794.

Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania

Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955-56 (1998); see also Armstrong v.

Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th

Cir. 1996).

In order to state a claim under the ADA, plaintiff must have been "improperly

excluded from participation in, and denied the benefits of, a prison service, program, or

activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023

(9th Cir. 1997).

"To establish a violation of [Section] 504 of the RA, a plaintiff must show that (1) [he]

is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit

or services sought; (3) [he] was denied the benefit or services solely by reason of [his]

handicap; and (4) the program providing the benefit or services receives federal financial

assistance." Id.

There is no evidence that Plaintiff sought and was granted classification for a

-13-

1
2
3

qualifying disability or handicap, so as to be entitled to accommodation under the ADA and RA. He has not identified any service, program, activity, or federal funding source denied to him. He fails to state a claim for relief under the ADA and RA.

4
5

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants.

6
7
8
9
10

Plaintiff should note that he may not name prison officials in their individual capacities. See Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i June 24, 2010) (Individual liability is precluded); accord Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009).

11

**F.    Due Process**

12

1.    Inmate Appeals

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff alleges that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claim for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. November 02, 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp.

315, 316 (E.D. Mo. July 18, 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, leave to amend will not be granted.

2.    Inmate Discipline

Plaintiff alleges that Defendants conspired to unconstitutionally punish him, denying him discovery in an alleged undocumented disciplinary proceeding relating to his "cheeking" medication, failing to provide evidentiary support for findings of guilt, and then depriving him of morphine based thereon.[4]

The evidence indicates that Plaintiff's "cheeking" of medication on March 28, 2010, resulted in a discontinuance of morphine pursuant to application of the Pain Management Guidelines, which require discontinuance of narcotics (here morphine) upon behavior suggestive of "cheeking". (Compl. at 51-58, 70-71.)

There is no evidence of any underlying CRC Form 115 rules violation, which would trigger a hearing, or that any administrative or disciplinary proceeding or hearing was required or conducted, or that any disciplinary punishment was imposed,[5] or that application of the Guidelines was in a manner contrary to prison regulations or procedure.

Nor is there evidence of any agreement amongst Defendants to unconstitutionally punish Plaintiff, through implementation of the Guidelines, sufficient to state a claim for

[4] Plaintiff cites to Cal.Code Regs. tit. 15, Sections 3312 and 3320, which relate to disciplinary methods and hearings.

[5] The Double Jeopardy Clause of the Fifth Amendment protects from twice being put in jeopardy of punishment for the same offense. Witte v. U.S., 515 U.S. 389, (1995).

-15-

conspiracy pursuant to Section 1983. <u>Burns v. Cnty. of King</u>, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2002) (quoting <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1541 (9th Cir. 1989)). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. <u>Zemsky v. City of New York</u>, 821 F.2d 148, 152 (2nd Cir. 1987).

Moreover, the Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Complaint does not demonstrate that the Guidelines impose an atypical and significant hardship. Nor does a prison official's mere violation of a prison regulation constitute a constitutional violation. Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000), (citing Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

Accordingly, Plaintiff fails to state a cognizable claim for conspiracy to violate, or violation of his constitutional rights relating to application of the Pain Management Guidelines. Because amendment of this claim would be futile, leave to amend will not be granted.

///////

-16-

### G.     Injunctive Relief

In addition to monetary damages, Plaintiff seeks an injunction, that his morphine be restored. It appears that Plaintiff is now at liberty, such that injunctive relief is moot, absent an expectation that Plaintiff will be returned to custody at CSATF-SP.  Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). It does not appear the harm alleged here "falls within that category of harm 'capable of repetition, yet evading review,'". Preiser, 422 U.S. 395 at 403, (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).

Accordingly, Plaintiff's release from custody, such that he is not currently housed at CSATF-SP, renders his claim for injunctive relief moot. Leave to amend this claim is denied, as such would be futile for the reasons stated above.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed January 26, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d

-18-

1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   January 30, 2012                /s/ *Michael J. Seng*

ci4d6                              UNITED STATES MAGISTRATE JUDGE