UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY SIMS, | | CASE NO. 1:11-CV-00140-AWI-MJS (PC) |
| | Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | | |
| W. ULIT, et al., | | (EFC NO. 9) |
| | Defendants. | |
| | | PLAINTIFF MUST SHOW CAUSE OR FILE AMENDED COMPLAINT BY APRIL 2, 2012 |
| _____ / | | |

On January 26, 2011, Plaintiff Stanley Sims, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff declined Magistrate Judge jurisdiction. (ECF No. 5.)

After screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend provided he did so on or before March 6, 2012. (ECF No. 9.) The Court's Order Dismissing Complaint was served by mail on January 31, 2012 and has not been returned as undeliverable.

-1-

Plaintiff did not file an amended complaint or otherwise respond to the Court's January 31, 2012 Order by the March 6, 2012 deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

The Court cannot allow this case to languish on its docket without an operative complaint. Accordingly, not later than April 2, 2012, Plaintiff shall either file an amended complaint or show cause as to why his case should not be dismissed for failure to comply with a court order and failure to state a claim.

**Plaintiff is hereby on notice that failure to meet this deadline will result in a recommendation for the immediate dismissal of this action subject to the "three**

////

1  strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090
2  (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 20, 2012            /s/ *Michael J. Seng*
ci4d6                     UNITED STATES MAGISTRATE JUDGE